KAYANAUGH, Circuit Judge,
concurring:
I join the opinion of the Court. I add this concurring opinion to express my concern about the confusion that has resulted from our decisions in Ray v. Proxmire, 581 F.2d 998 (D.C.Cir.1978), and United States v. Rose, 28 F.3d 181 (D.C.Cir.1994). The disarray has prompted all of the competing parties in this case — the Executive Branch, the House of Representatives, and an individual Member of Congress — to suggest that the en banc Court reconsider Ray, Rose, or both. I agree that the full Court should do so at an appropriate time.
The Constitution’s Speech or Debate Clause provides an immunity and privilege that protect communications by Members of Congress in official congressional proceedings. See U.S. CONST, art. I, § 6, cl. 1 (protecting “Speech or Debate in either House”). In Ray, however, the Court watered down the constitutional text and decided that a Member’s speech in a congressional disciplinary proceeding warrants protection only if the legislative com *1184 mittee is inquiring into a Member’s “exercise of his official powers.” 581 F.2d at 1000. Under that approach, the Speech or Debate Clause does not cover a Member’s speech in a congressional disciplinary proceeding if the committee is investigating his or her “private conduct.” Rose, 28 F.3d at 188.
In my judgment, the Ray/Rose test does not accord with the text of the Speech or Debate Clause and the Supreme Court’s precedents. A Member’s statement to a congressional ethics committee is speech in an official congressional proceeding and thus falls within the protection of the Clause. See Gravel v. United States, 408 U.S. 606, 625, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972) (“The heart of the Clause is speech or debate in either House.”). The Ray/Rose test not only distorts the constitutional text, but also creates a host of practical and jurisprudential difficulties— perhaps best exemplified by the fact that Ray and Rose reached different results on very similar facts. The en banc Court should replace the Ray/Rose test with a rule that adheres to the text of the Speech or Debate Clause.
I
A
Article I, Section 6 of the Constitution provides that “Senators and Representatives ... shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same; and for any Speech or.Debate in either House, they shall not be questioned in any other Place.” U.S. Const, art. I, § 6, cl. 1 (emphasis added). Drawing on similar language from the 1689 English Bill of Rights and several colonial constitutions, the Constitutional Convention approved the Speech or Debate Clause with no apparent disagreement. Nor was the Clause the subject of controversy during the ratification period. See Josh Chafetz, Democracy’s Privileged New 74, 87-88 (2007); Joseph Story, 1 Commentaries On The Constitution Of The United States § 863 (1833). As the Framers drafted it, the Clause helps maintain the separation of powers among the three Branches. See Kilbourn v. Thompson, 103 U.S. 168, 20102, 26 L.Ed. 377 (1880); Akhil Reed Amar, America’s Constitution: A Biography 101— 02 (2005). The Supreme Court has explained that the Clause assures Members of Congress “wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch” or from private citizen suits. Gravel v. United States, 408 U.S. 606, 616, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972).
Article I, Section 5 of the Constitution, meanwhile, provides that “Each House may determine the Rules of its Proceedings, punish its Members for disorderly Behaviour, and, with the Concurrence of two thirds, expel a Member.” U.S. Const. art. I, § 5, cl. 2 (emphasis added). This Clause gives both Houses broad official powers to hold investigations “for violations of statutory law, including crimes; for violations of internal congressional rules; or for ... even purely private conduct by a Member that, in the House’s opinion, reflects badly on it as an institution.” Chafetz, Democracy’s Privileged Few, at 210 (citing Congressional Research Service, Expulsion, Censure, Reprimand, and Fine: Legislative Discipline in the House of Representatives, at 3 (2002)) (internal quotation marks omitted). The Clause thus grants expansive authority for each House to discipline and sanction its Members for improper behavior.
This case involves the intersection of those two clauses of the Constitution. Specifically, we address whether a Member’s communications in an official congressional disciplinary proceeding consti *1185 tute “Speech ... in either House.” U.S. Const, art. I, § 6, cl. 1.
In my view, the answer is straightforward. Regardless whether the Member’s underlying “disorderly Behaviour” is considered official or personal, the House or Senate’s disciplinary proceedings are official “Proceedings” of the House or Senate. And a Member’s speech in such an official congressional proceeding constitutes “Speech ... in either House.” [1]
Therefore, under the text of the Constitution, the speech at issue in both Ray v. Proxmire, 581 F.2d 998 (D.C.Cir.1978), and United States v. Rose, 28 F.3d 181 (D.C.Cir.1994), should have qualified as protected speech. Both cases involved an official congressional proceeding: an investigation by the Senate Select Committee on Standards and Conduct in Ray; and an inquiry by the House Committee on Standards of Official Conduct in Rose. Both cases involved a Member’s speech in the official proceeding: Senator Proxmire’s written communications in Ray; and Congressman Rose’s oral testimony in Rose. The analysis need have gone no further. Speech by a Member in an official House or Senate disciplinary proceeding qualifies as “Speech ... in either House” and thus is protected by the Speech or Debate Clause.
The constitutional text is similarly easy to apply here. This case concerns written responses submitted by a Member in an official disciplinary investigation conducted by the House Committee on Standards of Official Conduct. The Member’s communications constitute “Speech ... in either House” and thus fall within the “heart of the Clause.” Gravel, 408 U.S. at 625, 92 S.Ct. 2614.
This result follows not just from the constitutional text itself but also from principles articulated by the Supreme Court in its Speech or Debate Clause cases. To be sure, the Court has not addressed the precise issue raised in this case. But it has stated that the Speech or Debate Clause extends both to (i) “Speech or Debate in either House” — the “heart of the Clause,” as the Court has said, and to (ii) “matters” that are “an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House.” Id. at 625, 92 S.Ct. 2614 (emphases added). A Member’s speech in an official House disciplinary proceeding qualifies under either prong of the Gravel test: Such a Member not only engages in “Speech or Debate in either House” but also, by definition, takes part in communicative processes with respect to matters which the Constitution places within the jurisdiction of the House.[2]
*1186 B
The Ray Court went off the rails, in my judgment, by focusing on the subject matter of the underlying disciplinary proceeding — and by applying a test that grants protection only when the investigation concerns a Member’s official conduct, as opposed to his or her personal conduct. See Ray, 581 F.2d at 1000; Rose, 28 F.3d at 188-89. The Court accordingly deemed Senator Proxmire’s letter privileged because the disciplinary proceeding purportedly arose out of his official conduct— making Senate rooms available for use by his wife’s business. Later in Rose, however, the Court found Congressman Rose’s testimony not privileged because the proceeding purportedly arose out of his personal conduct — failing to properly report certain liabilities on his official financial disclosure report.
The Court’s fine slicing of a Member’s speech in those two cases does not square with the text of the Constitution, which gives absolute protection to “any Speech” by a Member in an official congressional proceeding.
Moreover, the Ray/Rose approach creates great uncertainty. After all, it can be quite difficult to determine whether an allegation of wrongdoing involves official or personal acts because the categories often overlap — for example, when a Member is alleged to have abused his or her official position for personal gain. Indeed, the results in Ray and Rose are in great tension with one another; the two cases reached different results on very similar facts.
The uncertainty caused by the Ray/Rose test is especially problematic in this context because the scope of a privilege must be clear and predictable for the privilege to serve its purpose. As the Supreme Court has said, “An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all.” Upjohn Co. v. United States, 449 U.S. 383, 393, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); see also Swidler & Berlin v. United States, 524 U.S. 399, 409, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998); Jaffee v. Redmond, 518 U.S. 1, 18, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). Professor Tribe has persuasively explained this point with respect to the Speech or Debate Clause:
Like any privilege, the one that the Speech or Debate Clause grants to members of Congress would be virtually worthless if courts judging its applicability had to scrutinize very closely the acts ostensibly shielded, especially if those courts then had to balance the considerations for and against extending privileged status. The reason is that any privilege whose criteria of applicability are fuzzy or multifactored or both offers too little predictability to its intended recipients for it to generate the confidence and repose that the privilege will have been adopted to provide, and sacrifices much of the privacy and security that the privilege was supposed to offer in the very process of determining its applicability in the particular case.
Laurence H. Tribe, American Constitutional Law § 5-20, at 1017 (3d ed.2000).
The Ray/Rose test has caused all three Branches great difficulty. One can hardly fault the esteemed District Judge or the Legislative and Executive Branch parties in this case for their efforts to make sense *1187 of our conflicting precedents. Nor can one blame the parties for asking us to resolve the confusion by overruling at least one of the two cases.
Instead of continuing down the erratic path marked by the Ray/Rose test, the en banc Court should resolve this issue by looking to the text of the Speech or Debate Clause. As I read the Constitution and the Supreme Court’s case law, courts must protect, without qualification, a Member’s speech in an official congressional disciplinary proceeding.
II
To be sure, the above analysis of this Speech or Debate Clause issue raises some important questions.
As a policy matter, the Executive Branch suggests that adhering to the actual text of the Clause in this context may thwart some criminal investigations and prosecutions — in particular, cases involving alleged false statements by Members to congressional ethics committees. That result is unwelcome; on the other hand, all privileges have the effect of impeding criminal investigations and the search for truth. See Swidler & Berlin v. United States, 524 U.S. 399, 406, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998). And it’s not as if Members would get a free pass to lie to congressional ethics committees. False statements can constitute a basis for expulsion from Congress or the lesser sanction of censure or reprimand (which, in turn, can augur a defeat at the polls). In all events, any such policy discomfort cannot dictate our resolution of this constitutional issue. Cf. Texas v. Johnson, 491 U.S. 397, 420, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) (Kennedy, J., concurring) (“The hard fact is that sometimes we must make decisions we do not like.”).
As a jurisprudential matter, the Executive Branch suggests that this kind of analysis may place too much emphasis' on the actual words of the Speech or Debate Clause; it would prefer to balance the protections of the Clause against the interest in preventing and punishing corruption and false statements. But especially in separation of powers cases — from Marbury v. Madison to the present — the Supreme Court has repeatedly stressed that the precise words of the Constitution control and that courts must not relax the enduring structural protections contained in the document’s text. See Clinton v. New York, 524 U.S. 417, 446, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) (“Congress cannot alter the procedures set out in Article I, § 7, without amending the Constitution.”); INS v. Chadha, 462 U.S. 919, 945, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983) (“policy arguments supporting even useful ‘political inventions’ are subject to the demands of the Constitution which defines powers and ... sets out just how those powers are to be exercised”); Buckley v. Valeo, 424 U.S. 1, 134, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (practical “fears, however rational, do not by themselves warrant a distortion of the Framers’ work”); Powell v. McCormack, 395 U.S. 486, 550, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) (“in judging the qualifications of its members Congress is limited to the standing qualifications prescribed in the Constitution”); Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-77, 2 L.Ed. 60 (1803) (carefully analyzing precise text of Article III of the Constitution in concluding that § 13 of Judiciary Act of 1789 is unconstitutional and stating that “all those who have framed written constitutions contemplate them as forming the fundamental and paramount law of the nation”).
In short, the Framers drafted and ratified the Speech or Debate Clause to serve as a robust shield against intimidation of legislators by the Executive or from private citizen suits. See United States v. Johnson, 383 U.S. 169, 181, 86 S.Ct. 749, *1188 15 L.Ed.2d 681 (1966). In some respects, the Speech or Debate Clause is a counterpart to the executive privileges that constitute an essential part of the President’s “executive Power” under Article II and that protect the President and the Executive Branch from similar intimidation by the Legislature. In the context of a specific case, the need for evidence usually will seem weightier than those long-term structural safeguards. But courts must respect the constitutional balance between the Legislative and Executive Branches regardless of the perceived needs of the moment.
In my judgment, the Ray/Rose test does not accord with the text of the Speech or Debate Clause or with the principles articulated by the Supreme Court in its decisions. And the test has created considerable confusion — leading the Executive Branch, the House of Representatives, and an individual Member of Congress to request that it be overruled. The test is both unwise in principle and unworkable in practice. Because of the importance of the Speech or Debate Clause to the constitutional separation of powers and to the operations of the Government, I respectfully suggest that, at an appropriate time, the en banc Court reconsider the Ray/ Rose test and bring this aspect of our Speech or Debate Clause jurisprudence in line with the constitutional text. As a three-judge Court, we of course do not have that authority, and I therefore join the opinion of the Court.

. I take it as a given here that "Speech” for purposes of the Speech or Debate Clause— just as for purposes of the First Amendment— covers both oral and written communications, and that the Clause applies to committees in either House and not only to the chambers in either House. See Kilboum, 103 U.S. at 204.

. The Supreme Court has arguably extended the protections of the Speech or Debate Clause beyond what its plain text otherwise might suggest. See Gravel, 408 U.S. at 618, 625, 92 S.Ct. 2614; Kilboum, 103 U.S. at 204. In particular, the Court has held that the Clause covers not just speech or debate but certain conduct as well — "legislative acts,” in the Court's words. See United States v. Brewster, 408 U.S. 501, 512, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972) ("A legislative act has consistently been defined as an act generally done in Congress in relation to the business before it.”); Gravel, 408 U.S. at 625, 92 S.Ct. 2614 ("The heart of the Clause is speech or debate in either House. Insofar as the Clause is construed to reach other matters, they must be an integral part of the deliberative and communicative processes by which Members *1186 participate (emphasis added). But the Court has not interpreted the Clause to provide less protection than the text establishes. In other words, the Court has never suggested that actual speech in an official congressional proceeding could somehow fall outside the protections of the Clause. In my judgment, however, the Ray/Rose test incorrectly does just that.